**ORAL ARGUMENT NOT YET SCHEDULED**

**NO. 23-7036**
Consolidated with No. 23-7037

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

AGUDAS CHASIDEI CHABAD OF UNITED STATES,

*Plaintiff-Appellee,*

V.

RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; AND RUSSIAN STATE MILITARY ARCHIVE,

*Defendants-Appellees,*

TENEX-USA, INCORPORATED,

*Appellant,*

STATE DEVELOPMENT CORPORATION VEB.RF,

*Appellant-Intervenor.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**PAGE PROOF OPENING BRIEF OF APPELLANT
STATE DEVELOPMENT CORPORATION VEB.RF**

Wesley W. Whitmyer, Jr.
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
203-703-0800
litigation@whipgroup.com

David C. Tobin
Tobin O'Connor Concino PC
5335 Wisconsin Avene, NW
Washington, DC 20015
202-362-5903
dctobin@tobinoconnor.com

October 4, 2023

*Counsel for Appellant*

# CERTIFICATE AS TO
# PARTIES, RULINGS, AND RELATED CASES

Pursuant to Rule 28(a)(1) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, Appellant State Development Corporation VEB.RF ("VEB") hereby certifies the following:

## I.    Parties and *Amici Curiae*

Appellant VEB is an independent non-profit organization established under the laws of the Russian Federation. As further detailed in VEB's Corporate Disclosure Statement, submitted herewith under Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, VEB has no shareholders or parent corporation.

The rulings under review in this case also pertain to Appellant Tenex-USA, Incorporated ("Tenex-USA").

Plaintiff-Appellee is Agudas Chasidei Chabad of United States ("Chabad"), a non-profit religious corporation in the United States. Chabad now seeks attachment of VEB's property in aid of execution of sanctions judgments issued against the Defendants. *See* JA___[2022Attach.Mot.34].

The Defendants before the District Court were the Russian Federation, the Russian Ministry of Culture, the Russian State Library, and the Russian State Military Archive (collectively, the "Russian Defendants"). The Russian Defendants have declined to participate in this litigation since June 26, 2009, as explained in the

Statement of Defendants with Respect to Further Participation docketed in the District Court (JA___[2009Partpt'n.Stmt]).

The United States of America has participated as an *amicus* in the litigation before the District Court, submitting several Statements of Interest opposing the District Court's orders relating to sanctions and specific performance, and further opposing discovery conducted pursuant to those orders.

The Simon Wiesenthal Center has also participated as *amicus* in the litigation before the District Court.

On March 29, 2023, VEB intervened in the case before the District Court (No. 1:05-cv-1548-RCL). VEB's appeal was docketed before this Court as Case No. 23-7037. Tenex-USA also submitted a notice of appeal of the rulings under review in this case. On March 30, 2023, the Clerk consolidated cases 23-7036 (Tenex-USA) and 23-7037 (VEB).

## II.   Rulings Under Review

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section II of the Certificate as to Parties, Rulings and Related Cases of the Opening Brief of Appellant Tenex-USA.

## III.   Related Cases

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section III (Related Cases) of the Certificate as to Parties, Rulings and Related Cases of the

Opening Brief of Appellant Tenex-USA. VEB is not aware of any other related cases before this Court or any other court in the United States.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Appellant State Development Corporation VEB.RF ("VEB") makes the following disclosures:

VEB is not a publicly traded corporation.

VEB has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

# **TABLE OF CONTENTS**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ........... ii

   I.    Parties and *Amici Curiae*............................................................................... ii

   II.   Rulings Under Review ................................................................................ iii

   III.  Related Cases ............................................................................................. iii

CORPORATE DISCLOSURE STATEMENT ...................................................... iv

TABLE OF CONTENTS.........................................................................................v

TABLE OF CITATIONS ...................................................................................... vii

GLOSSARY.......................................................................................................... viii

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................1

STATUTES AND OTHER AUTHORITIES..........................................................2

STATEMENT OF THE CASE................................................................................2

   I.    Introduction ...................................................................................................2

   II.   Procedural History........................................................................................3

SUMMARY OF ARGUMENT ...............................................................................5

STANDARD OF REVIEW .....................................................................................5

ARGUMENT ...........................................................................................................5

   I.    The District Court Should Have Denied Chabad's Motion to Attach with Prejudice ........................................................................................................5

      A.   The District Court Lacks Subject-Matter Jurisdiction Over the Underlying Dispute Against the Russian Federation....................................................5

         1.   The Russian Federation Retains its Immunity Under the FSIA, 28 U.S.C. § 1605(a)(3), Because the Religious Texts Remain Outside the United States ..................................................................................................6

         2.   The District Court Erred in Relying Upon Chabad I's Narrow Jurisdictional Holding as to the Military Archive and State Library .....6

      B.   The FSIA Does Not Authorize Enforcement of the Sanctions Judgments .6

         1.   The District Court's Turnover Order Violates the FSIA's Territorial Limitations, As Set Forth in 28 U.S.C. § 1610(a)..................................6

         2.   The Sanctions Judgments Do Not Satisfy Any Exception to Attachment

USCA Case #23-7036          Document #2020681            Filed: 10/05/2023      Page 6 of 18

        or Execution Immunity Under 28 U.S.C. § 1610 ................................... 7

    II.    VEB Is Properly Before This Court ........................................................... 7

CONCLUSION ................................................................................................. 8

CERTIFICATE OF COMPLIANCE ................................................................ 9

CERTIFICATE OF SERVICE ........................................................................ 10

vi

# TABLE OF AUTHORTIES

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Table of Cases of the Opening Brief of Appellant Tenex-USA. VEB further provides the following authorities:

**Statutes**

28 U.S.C. § 1605(a)(3) ...............................................................................................1, 6

28 U.S.C. § 1610 ............................................................................................................7

28 U.S.C. § 1610(a) ...................................................................................................4, 6

28 U.S.C. § 1610(a)(3) ..................................................................................................2

28 U.S.C. § 1610(c) ...................................................................................................4, 5

**Rules**

Fed. R. App. Proc. 28(i) ................................................................ iii, vii-viii, 1-3, 5-7

**Cases**

*Agudas Chasidei Chabad of United States v. Russian Fed'n,*
  19 F.4th 472 (D.C. Cir. 2021) ...................................................................................4

*de Csepel v. Republic of Hungary ("de Csepel I"),*
  859 F.3d 1094 (D.C. Cir. 2017) ................................................................................1

*Maxwell v. Snow,*
  409 F.3d 354 (D.C. Cir. 2005) ..................................................................................6

*Philipp v. Fed. Republic of Germany,*
  894 F.3d 406 (D.C. Cir. 2018) ..................................................................................1

*Schubarth v. Fed. Republic of Germany,*
  220 F. Supp. 3d 111 (D.D.C. 2016) ..........................................................................1

*Simon v. Hungary,*
  812 F.3d 127 (D.C. Cir. 2016) ..................................................................................1

# **GLOSSARY**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Glossary of the Opening Brief of Appellant Tenex-USA.

## JURISDICTIONAL STATEMENT

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Jurisdictional Statement of the Opening Brief of Appellant Tenex-USA.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.　　Whether this Court's consistent interpretation of the "expropriation" exception under the FSIA, 28 U.S.C. § 1605(a)(3)—that "a foreign state itself does not lose immunity . . . unless the allegedly expropriated property is located *in the United States*"[1]—deprived the District Court of subject-matter jurisdiction as to claims against Defendant the Russian Federation?

2.　　Whether the FSIA deprived the District Court of subject-matter jurisdiction to order an injunction against a foreign sovereign and its alleged agencies or instrumentalities requiring the turnover of property located in the foreign sovereign's territory, as the United States has argued throughout this litigation?

3.　　Whether a judgment of monetary sanctions issued against a foreign sovereign held in civil contempt "relates to a judgment establishing rights in property which has been taken in violation of international law" within the meaning of the

---

[1] *Schubarth v. Germany*, 891 F.3d 392, 401 (D.C. Cir. 2018) (emphasis added); *see also Philipp v. Fed. Republic of Germany*, 894 F.3d 406, 414 (D.C. Cir. 2018); *De Csepel v. Hungary*, 859 F.3d 1094, 1101, 1104 (D.C. Cir. 2017); *Simon v. Hungary*, 812 F.3d 127, 146 (D.C. Cir. 2016).

1

FSIA's "expropriation exception" to attachment or execution immunity, 28 U.S.C. § 1610(a)(3)?

## STATUTES AND OTHER AUTHORITIES

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Statutes and Other Authorities of the Opening Brief of Appellant Tenex-USA. VEB adds that Fed. R. App. Proc. 28(i) provides that "[i]n a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief."

## STATEMENT OF THE CASE

### I. Introduction

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Paragraphs 1-3 Section I (Introduction) of the Statement of the Case of the Opening Brief of Appellant Tenex-USA. VEB further joins in full the remaining Paragraphs of Section I of the Statement of the Case of the Opening Brief of Appellant Tenex-USA, noting that Chabad has also subpoenaed VEB, that VEB has opposed the Motion to Attach, and that VEB has raised many of the same arguments in the District Court and on appeal described by Tenex-USA in the incorporated

2

paragraphs.

**II.    Procedural History**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section II (Procedural History) of the Statement of the Case of the Opening Brief of Appellant Tenex-USA.  VEB further provides background information specific to itself, as detailed below.

On March 26, 2019, Chabad served a subpoena on VEB seeking discovery in connection with an attempt to enforce an interim judgment of accrued sanctions entered in September, 2015, against the Russian Federation, the Russian Ministry of Culture and Mass Communication, the Russian State Library, and the Russian State Military Archive (collectively the "Russian Defendants").  VEB subsequently moved to quash the subpoena in the Southern District of New York (where the subpoena had been served), and the case was transferred to a separate docket before the D.C. District Court, No. 1:19-mc-00146-RCL.  Following a hearing, the D.C. District Court denied VEB's motion to quash.  JA___[ECF.32].

VEB sought to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and sought a stay of discovery pending the appeal, both of which the D.C. District Court denied.  JA___[ECF.37], JA___[ECF.48].  VEB appealed the denial of its § 1292(b) motion, raising a number of immunity arguments.  The panel never reached those issues, dismissing VEB's appeal for lack of appellate jurisdiction on

3

the grounds that the denial of a § 1292(b) motion was not an appealable order. *See Agudas Chasidei Chabad of United States v. Russian Fed'n*, 19 F.4th 472, 475-76 (D.C. Cir. 2021) *("Chabad II")*. In its opinion, the Court instructed that a party may appeal denials of post-judgment sovereign immunity challenges under § 1291 and the collateral-order doctrine when it has "the opportunity" to do so:

> VEB had the opportunity to raise its sovereign-immunity claim through an appeal pursuant to 28 U.S.C. § 1291 of the district court's denial of its motion to quash. To the extent that VEB states that it was unsure of whether it could challenge the discovery subpoena through such an immunity defense . . . its own citations show that a <u>jurisdictional objection is the type of issue that could have been raised</u>. For instance, in *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 38-39 (D.C. Cir. 2000), cited by VEB, Angola relied on Section 1291 to appeal from the district court's denial of its motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act.

*Chabad II*, 19 F.4th at 476 (internal citations omitted).

On April 8, 2022, following this Court's *Chabad II* opinion, Chabad filed the Motion to Attach Property or, In the Alternative, to Register Judicial Liens ("Motion to Attach"). JA___[Attach.Mot2022.ECF235]. Chabad sought to attach property under 28 U.S.C. § 1610(a), though failed to identify any specific property. JA___[ECF.235] (requesting the D.C. District Court to attach assets "that may be found"). VEB moved to intervene on May 20, 2022. JA___[ECF.240]. VEB opposed the Motion to Attach, and on February 27, 2023, the D.C. District Court denied Chabad's request for an order under § 1610(c) because Chabad had failed to provide the Russian Defendants with proper notice of the Sanctions Judgments, as

4

required under § 1610(c). Before reaching that conclusion, however, the D.C. District Court addressed VEB's threshold arguments as to the Russian Federation's immunities and subject-matter jurisdiction, rejecting VEB's immunity arguments. The D.C. District Court further noted that its finding of jurisdiction conflicted with the reasoning of the *Chabad II* panel. JA___[ECF.268]. VEB timely noticed an appeal of the order on March 29, 2023.

## SUMMARY OF ARGUMENT

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Summary of Argument of the Opening Brief of Appellant Tenex-USA.

## STANDARD OF REVIEW

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full the Standard of Review of the Opening Brief of Appellant Tenex-USA.

## ARGUMENT

**I.    The District Court Should Have Denied Chabad's Motion to Attach with Prejudice**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I of the Argument of the Opening Brief of Appellant Tenex-USA.

**A.    The District Court Lacks Subject-Matter Jurisdiction Over the Underlying Dispute Against the Russian Federation**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(A) of the Argument of the Opening Brief of Appellant Tenex-USA.

5

1. **The Russian Federation Retains its Immunity Under the FSIA, 28 U.S.C. § 1605(a)(3), Because the Religious Texts Remain Outside the United States**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(A)(1) of the Argument of the Opening Brief of Appellant Tenex-USA.

2. **The District Court Erred in Relying Upon Chabad I's Narrow Jurisdictional Holding as to the Military Archive and State Library**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(A)(2) of the Argument of the Opening Brief of Appellant Tenex-USA. In addition, VEB stresses this Court's own holding that it is "bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court." *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005).

B. **The FSIA Does Not Authorize Enforcement of the Sanctions Judgments**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(B) of the Argument of the Opening Brief of Appellant Tenex-USA.

1. **The District Court's Turnover Order Violates the FSIA's Territorial Limitations, As Set Forth in 28 U.S.C. § 1610(a)**

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(B)(1) of the Argument of the Opening Brief of Appellant Tenex-USA.

6

### 2. The Sanctions Judgments Do Not Satisfy Any Exception to Attachment or Execution Immunity Under 28 U.S.C. § 1610

As Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in full Section I(B)(2) of the Argument of the Opening Brief of Appellant Tenex-USA.

## II. VEB Is Properly Before This Court

VEB understands that while Chabad raises the issue of standing with respect to Tenex-USA, Chabad does not do so with respect to VEB. Insofar as these arguments are advanced against VEB, as Fed. R. App. Proc. 28(i) permits, Appellant VEB joins in Section II of the Argument of the Opening Brief of Appellant Tenex-USA.

## **CONCLUSION**

For the foregoing reasons, this Court should reverse the District Court's Order and remand with instructions to deny Chabad's Motion to Attach with prejudice.

Dated: October 4, 2023

Respectfully submitted,

*/s/ Wesley W. Whitmyer, Jr.*
Wesley W. Whitmyer, Jr.
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT  06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com

*/s/ David C. Tobin*
David C. Tobin (D.C. Bar No. 395959)
Tobin O'Connor Concino P.C.
5335 Wisconsin Ave., NW
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-5900
Facsimile: (202) 362-6579
Email: dctobin@tobinoconnor.com

# **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1449 words (as calculated by the automatic word count function of Microsoft Word), excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirement of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font for text and footnotes.


Dated:  October 4, 2023                         */s/ Wesley W. Whitmyer, Jr.*
                                                Wesley W. Whitmyer, Jr.

                                                *Counsel for State Development Corporation VEB.RF*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October 2023, a true and correct copy of the foregoing was served by the Court's ECF system to all counsel of record.

I further certify that on October 4, 2023, a true and correct copy of the foregoing **OPENING BRIEF OF APPELLANT STATE DEVELOPMENT CORPORATION VEB.RF** was served by First Class Mail on each of the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Konstantin Chuychenko, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn: Hon. Olga Lyubimova, Minister
7/6, Bldg. 1, 2, Malyy Gnezdnikovskiy Pereulok
Moscow, Russia 125993

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street
Moscow, Russia 12512

Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdvizhenka Street, 2nd Entrance
Moscow, Russia 119019

                                             */s/ Wesley W. Whitmyer, Jr.*
                                             Wesley W. Whitmyer, Jr.